TOWNE *v.* EISNER, COLLECTOR OF UNITED STATES INTERNAL REVENUE FOR THE THIRD DISTRICT OF THE STATE OF NEW YORK.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 563.  Argued December 12, 1917.—Decided January 7, 1918.

In an action to recover back money collected and retained by the Government, over plaintiff's protest, as a tax on income under the Income Tax Law of 1913, plaintiff alleged that that upon which the tax was levied, a stock dividend based on accumulated profits, was not "income" within the true intent of the statute, and that if the statute so intended it was so far unconstitutional, because in the Sixteenth Amendment, upon which its validity depended, the term "income" could not be construed to embrace such dividends.  *Held,* that there was thus presented, not merely a question whether the statute had been wrongly understood and applied, but also a question of the scope of the Amendment, which afforded jurisdiction to review both questions by direct writ of error to the District Court.

The value of new shares, issued as a stock dividend and representing merely surplus profits transferred to the capital account of the corporation, is not taxable to the share holders as income within the meaning of the Income Tax Law of 1913.  So *held* where the profits were earned before January 1, 1913, and the transfer and dividend were voted December 17, 1913, and the distribution, ratably to shareholders of record on the 26th of that month, took place on January 2, 1914.

242 Fed. Rep. 702, reversed.

TOWNE *v.* EISNER.     419

THE case is stated in the opinion.

. *Mr. Charles E. Hughes,* with whom *Mr. George Welwood Murray, Mr. Charles P. Howland* and *Mr. Louis H. Porter* were on the briefs, for plaintiff in error:

The constitutionality of § II of the Act of 1913, construed to be applicable to the plaintiff's stock, is drawn in question. Before the Sixteenth Amendment there were two kinds of income, subject to different constitutional rules as to taxation, viz: (1) Gains and profits from "business, privileges, employments and vocations." These were subject to excise taxes. (2) Income from real or personal property, as such. Taxes on real or personal property, and on the income derived therefrom, because of its ownership, were held to be direct taxes, requiring apportionment among the States according to population. The tax in controversy is laid directly upon the property in question, as such, because of its ownership. Investments in stock are unquestionably within the rule of *Pollock* v. *Farmers' Loan & Trust Co.,* 158 U. S. 601, 637. The case at bar, therefore, concerns a direct tax which must be apportioned unless the stock in question constitutes income under the Sixteenth Amendment.

The stock in question is not income within the meaning of the Sixteenth Amendment. A "stock dividend" is not income to the stockholder receiving it, but is a mere readjustment of the evidence of the stockholder's interest already owned. The "stock dividend" takes nothing from the property of the corporation and adds nothing to the interests of the stockholders. The only change in substance is that, instead of the property represented thereby being distributed to stockholders, it is permanently fixed as capital so that it cannot be distributed. *Gibbons* v. *Mahon,* 136 U. S. 549; *Bailey* v. *Railroad Co.,* 22 Wall. 684, distinguished; *Gray* v. *Hemenway,* 212 Massachusetts, 239; *Spooner* v. *Phillips,* 62 Connecticut, 62; *Green,*

v. *Bissell*, 79 Connecticut, 547; *DeKoven* v. *Alsop,* 205
Illinois, 309; *Kaufman* v. *Charlottesville Mills Co.*, 93 Vir-
ginia, 673; *Williams* v. *Western Union Telegraph Co.*, 93
N. Y. 162, 189. The stock in question was based on earn-
ings which had been accumulated by the corporation
prior to January 1, 1913, that is, prior to the adoption of
the Sixteenth Amendment, and neither this stock nor the
accumulated surplus which it represented was subject
to taxation without apportionment as being income
within the meaning of that Amendment. It is the decided
weight of authority even in those jurisdictions which have
established a doctrine of apportionment between the
tenant for life and remainderman, that a "stock dividend"
does not go to the life beneficiary of the income, in case
the stock, where it is issued *after* the creation of the life
tenancy, is based on surplus accumulated *before* the life
tenancy began. *Matter of Osborne*, 209 N. Y. 450; *Lang* v.
*Lang's Executor*, 57 N. J. Eq. 325; *Day* v. *Faulks*, 79 N. J.
Eq. 66; 81 *id.* 173; *Will of Pabst*, 146 Wisconsin, 330.
The courts upon whose decisions the Government has
relied look through the "stock dividend" to the fund
upon which it is based. This is a limitation inconsistent
with the position that the "stock dividend" should be
regarded as income *per se*. And when, in this case, we
look through the stock dividend to the fund upon which
it rests, we find a surplus invested in plant and property,
all of which had been accumulated prior to January 1,
1913. The Sixteenth Amendment had no application to
income or earnings accumulated prior to its adoption.
It was not the purpose to endow the Congress with power
to reach, without apportionment, accumulations of prop-
erty already effected. *Shreveport* v. *Cole*, 129 U. S. 36, 43;
*Brushaber* v. *Union Pacific R. R. Co.*, 240 U. S. 1, 20.

"Income" in an income tax law, unless it is otherwise
specified, means cash or its equivalent. It does not mean
choses in action or unrealized increments in the value of

property. *United States* v. *Schillinger*, 14 Blatchf. 71; *Gray* v. *Darlington*, 15 Wall. 63, 66; *Baldwin Locomotive Works* v. *McCoach*, 221 Fed. Rep. 59. The stock in question was not a "dividend" within the meaning of the word "dividends" used in the Act of 1913. If Congress had intended to embrace "stock dividends" based on surplus accumulations capitalized Congress would have said so. *Hyatt* v. *Allen*, 56 N. Y. 553, 556; *Gibbons* v. *Mahon*, 136 U. S. 549, 569; Income Tax Act of 1913, Section II, subd. 2-B, 38 Stat. 166. The tax for which the Act of 1913 provides is an annual tax upon the entire net income arising or accruing in the preceding calendar year. For the year 1913 the tax was to be computed on the net income accruing after March 1st. Section II, A, subd. 2, D; *Gray* v. *Darlington, supra; Merchants' Ins. Co.* v. *McCartney*, 1 Lowell, 447; *Bailey* v. *Railroad Co.*, 106 U. S. 109; *People* v. *Albany Ins. Co.*, 92 N. Y. 458, 462; *Gauley Mountain Coal Co.* v. *Hays*, 230 Fed. Rep. 110; *Doyle* v. *Mitchell*, 235 Fed. Rep. 686; *C. C. C. & St. L. Ry. Co.* v. *United States*, 242 Fed. Rep. 18; *Lynch* v. *Turrish*, 236 Fed. Rep. 653. When Congress undertook to tax "stock dividends" it provided for the tax in express terms and excluded "stock dividends" based on surplus accumulations existing prior to March 1, 1913. Act of September 8, 1916, 39 Stat. 756, § 2, (a), (c); *Sarlls* v. *United States*, 152 U. S. 570, 577; War Revenue Act of October 3, 1917, § 1211, 40 Stat. 336, adding to Income Tax Act, § 31.

*The Solicitor General*, with whom *Mr. William C. Herron* was on the brief, for defendant in error:

As the case does not involve the constitutionality but merely the construction of a law of the United States— the Income Tax section of the Act of October 3, 1913—, the writ of error should be dismissed. *American Sugar Refining Co.* v. *United States*, 211 U. S. 155, 161, 162; *Ar-*

*buckle* v. *Blackburn,* 191 U. S. 405, 415; *Cosmopolitan Mining Co.* v. *Walsh,* 193 U. S. 460, 471, 472; *Lamar* v. *United States,* 240 U. S. 60, 65; *Shaw* v. *United States,* 212 U. S. 559; *Sloan* v. *United States,* 193 U. S. 614, 620. The question is whether the stock dividend was a mere readjustment of capital or whether it constituted income to the plaintiff. This is a question to be determined by a construction of the statute and does not involve the Constitution. The constitutionality of the act is settled by *Brushaber* v. *Union Pacific R. R. Co.,* 240 U. S. 1.

The claim that the act is unconstitutional if construed to cover dividends, whether in stock or in cash, derived from earnings prior to the Sixteenth Amendment, is denied in *Brushaber* v. *Union Pacific R. R. Co., supra; Stanton* v. *Baltic Mining Co.,* 240 U. S. 103; *Edwards* v. *Keith,* 231 Fed. Rep. 110, certiorari denied, 243 U. S. 638. See also *Memphis &c. R. R. Co.* v. *United States,* 108 U. S. 228, 234.

"Stock dividends" are taxable under the provisions of the Act of 1913. The term "dividends" denotes merely a species falling within the genus "income," and the question is whether "stock dividends" are included within the term "income arising or accruing from all sources." "Capital" represents the wealth or property of a person at a given instant of time; "income" represents the advantage, service, or use actually rendered by capital to its owner during a period of time. Under the act, income need not be money, but may be any advantage or service capable of easy, accurate, monetary appraisement. State courts have held that the term "income" includes the passing of shares of stock. *Union &c. Trust Co.* v. *Taintor,* 85 Connecticut, 452; *Gray* v. *Hemenway,* 212 Massachusetts, 239; *Leland* v. *Hayden,* 102 Massachusetts, 542, 551.

There is a strong presumption that the distribution of this stock dividend was an advantage to the stockholders from the fact that they desired it and passed the resolutions directing it. These advantages were: (1) A transfer

of the surplus and undivided profits from the plenary control of the corporation to a control largely in the stockholder. (2) An assurance that a declaration of dividends would in the future specifically take account of this surplus and be declared upon it. (3) A muniment of title which enables the stockholder to deal easily with his interest in the surplus by a mere assignment of his new stock. The latter is a real advantage and of great value. *In re Evans* (1913), 1 Ch. Div. 23, 30, 31. These advantages constitute "income" to the stockholder because they flow to him from his property rights (i. e., "capital") in the corporation, and are capable of easy, accurate, monetary appraisement. They accrued to him because of his ownership of a portion of the original capital stock; that they were capable of easy, monetary appraisement is demonstrated by the fact that there was a regular market quotation upon them.

True, the surplus always belonged to the stockholder, but not in the strict sense and to the full extent of control obtaining in the case of original capital. The transfer gave him new rights. It cannot be said that the corporation lost nothing or that the stockholder gained nothing. The former lost its plenary control over the surplus; instead of being indebted to "surplus," with a consequent free use of such funds, it became indebted to "capital," with a limited use of the funds. The latter gained a direct right against the corporation instead of an indirect interest in the "surplus." Counsel contend that the surplus was put in a position where it could not be distributed as dividends or income. But it gained this position by distribution; by conversion into capital. It passed to the stockholder as income *en bloc*, and of course could not produce income again in that form until another complete change took place.

The rule as between life tenant and remainderman, involved in *Gibbons* v. *Mahon*, 136 U. S. 549, depends on

equitable considerations, but a statute levying a tax must be rigorously applied according to its correct construction, no matter what hardships may be caused thereby. In *Bailey* v. *Railroad Co.*, 22 Wall. 604, 106 U. S. 109, it was undoubtedly held in the first error proceedings that a stock dividend was, and could lawfully be, taxed under the Income Act Tax of 1864. *Gibbons* v. *Mahon* seems to recognize this, p. 560. Reviewing the decisions of this court in the first *Bailey Case*, in *Gibbons* v. *Mahon*, and in *Logan County* v. *United States*, 169 U. S. 255, comparing them, and considering carefully the due weight to be given to each as an authority in the case at bar, it is submitted that the question whether a stock dividend is "income" within the meaning of an act taxing "net income arising or accruing from all sources" is not foreclosed by authority.

*Mr. Gordon M. Buck,* by leave of court, filed a brief as *amicus curiæ.*

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to recover the amount of a tax paid under duress in respect of a stock dividend alleged by the Government to be income. A demurrer to the declaration was sustained by the District Court and judgment was entered for the defendant. 242 Fed. Rep. 702. The facts alleged are that the corporation voted on December 17, 1913, to transfer $1,500,000 surplus, being profits earned before January 1, 1913, to its capital account, and to issue fifteen thousand shares of stock representing the same to its stockholders of record on December 26; that the distribution took place on January 2, 1914, and that the plaintiff received as his due proportion four thousand one hundred and seventy-four and a half shares. The defendant compelled the plaintiff to pay an income tax upon this stock as equivalent to $417,450 income in cash. The District Court held that the stock was income

within the meaning of the Income Tax of October 3, 1913, c. 16, Section II; A, subdivisions 1 and 2; and B. 38 Stat. 114, 166, 167. It also held that the act so construed was constitutional, whereas the declaration set up that so far as the act purported to confer power to make this levy it was unconstitutional and void.

The Government in the first place moves to dismiss the case for want of jurisdiction, on the ground that the only question here is the construction of the statute not its constitutionality. It argues that if such a stock dividend is not income within the meaning of the Constitution it is not income within the intent of the statute, and hence that the meaning of the Sixteenth Amendment is not an immediate issue, and is important only as throwing light on the construction of the act. But it is not necessarily true that income means the same thing in the Constitution and the act. A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used. *Lamar* v. *United States,* 240 U. S. 60, 65. Whatever the meaning of the Constitution, the Government had applied its force to the plaintiff, on the assertion that the statute authorized it to do so, before the suit was brought, and the court below has sanctioned its course. The plaintiff says that the statute as it is construed and administered is unconstitutional. He is not to be defeated by the reply that the Government does not adhere to the construction by virtue of which alone it has taken and keeps the plaintiff's money, if this court should think that the construction would make the act unconstitutional. While it keeps the money it opens the question whether the act construed as it has construed it can be maintained. The motion to dismiss is overruled. *Billings* v. *United States,* 232 U. S. 261, 276. *Altman & Co.* v. *United States,* 224 U. S. 583, 596, 597.

The case being properly here, however, the construction of the act is open, as well as its constitutionality if construed as the Government has construed it by its conduct. *Billings* v. *United States, ubi supra.* Notwithstanding the thoughtful discussion that the case received below we cannot doubt that the dividend was capital as well for the purposes of the Income Tax Law as for distribution between tenant for life and remainderman. What was said by this court upon the latter question is equally true for the former. "A stock dividend really takes nothing from the property of the corporation, and adds nothing to the interests of the shareholders. Its property is not diminished, and their interests are not increased. . . . The proportional interest of each shareholder remains the same. The only change is in the evidence which represents that interest, the new shares and the original shares together representing the same proportional interest that the original shares represented before the issue of the new ones." *Gibbons* v. *Mahon,* 136 U. S. 549, 559, 560. In short, the corporation is no poorer and the stockholder is no richer than they were before. *Logan County* v. *United States,* 169 U. S. 255, 261. If the plaintiff gained any small advantage by the change, it certainly was not an advantage of $417,450, the sum upon which he was taxed. It is alleged and admitted that he receives no more in the way of dividends and that his old and new certificates together are worth only what the old ones were worth before. If the sum had been carried from surplus to capital account without a corresponding issue of stock certificates, which there was nothing in the nature of things to prevent, we do not suppose that any one would contend that the plaintiff had received an accession to his income. Presumably his certificate would have the same value as before. Again, if certificates for $1,000 par were split up into ten certificates each, for $100, we presume that no

one would call the new certificates income. What has happened is that the plaintiff's old certificates have been split up in effect and have diminished in value to the extent of the value of the new.

*Judgment reversed.*

MR. JUSTICE McKENNA concurs in the result.