Moss, Judge^
delivered the opinion of the court:
Plaintiff, John D. Chapman, is seeking by this action to recover the sum of $132,089.99 additional income taxes col *110 lected from him for the years 1917 and 1918, $103,371.58 of which was collected for the year 1917, and $28,697.41 for the year 1918. The history of the transaction out of which this controversy arose is as follows:
Throughout the year 1917 plaintiff was the owner of 1,800 shares of the common capital stock of the Bethlehem Steel Corporation, which were acquired at a cost of $48 per share, or $86,400. On January 23, 1917, the directors voted to increase the capitalization of the said corporation, and in this connection declared a stock dividend of 200 per cent upon the common*stock; and on February 17, 1917, plaintiff received from the corporation 3,600 shares of the new stock as his proportion of the stock dividend. In his tax return for the year 1917 plaintiff reported said stock dividend as dividend. In the same year, and prior to December 31, 1917, plaintiff sold the 3,600 shares received as a stock dividend for the sum of $371,928.
It is plaintiff’s contention that the income resulting from the sale in 1917 of the stock received as a stock dividend in that year was taxable at the rates for prior years under the provisions of section 31 of the revenue act of 1916, as amended by section 1211 of the revenue act of 1917, 40 Stat. 300, 336-337, in which it is provided that in any distribution made by a corporation, whether represented by cash or by stock of the corporation, such distribution shall be considered income to the amount of the earnings or profits so distributed.
The Government contends, on the other hand, that the income resulting from the sale of the stock received as a stock dividend was not the receipt of dividend but was gain or profit derived from the sale of the stock, and that section 31 of the act of 1916 as amended has no application. The Commissioner of Internal Revenue assessed the tax on this basis, computing the tax on the difference between the cost of the stock and the amount realized from its sale, properly applying the 1917 rates.
The theory upon which the commissioner proceeded was correct as determined by the United States Supreme Court *111 in the case of Towne v. Eisner, 245 U. S. 418; in Eisner v., Macomber, 252 U. S. 189, and in other cases, in which it was distinctly held that a stock dividend does not constitute taxable income.
In April, 1918, plaintiff sold his original 1,800 shares of stock, and his income-tax return for the year 1918 included the sale price with other sales of stocks and bonds during that year. In computing the profit from the sale of the 1,800 shares plaintiff reported the cost of said shares at $48 per share, or a total of $86,400. The commissioner, however, in computing the cost of the 1,800 shares properly considered the original cost of $86,400 paid by plaintiff for the 1,800 shares as representing the total cost of both the 1,800 shares and the 3,600 shares distributed as a stock dividend; and on this basis the commissioner fixed the cost of the 1,800 shares at $16 per share and assessed the additional tax accordingly. The plan adopted by the commissioner in ascertaining the profit was correct. To state the question simply, by the payment of the sum of $86,400 plaintiff acquired a capital interest in the corporation, and he received as evidence of this interest 1,800 shares of the original common stock, and without further cost he also received an additional 3,600 shares, or a total of 5,400 shares. His interest in the corporation was neither increased nor diminished by the later acquisition of the 3,600 shares. It remained precisely the same.
The same question applies to the sale of the 3,600 shares, and the same procedure was followed by the commissioner in arriving at the profit on that sale.
The contention of the plaintiff that the Government is barred by the statute of limitations is not tenable. It is the opinion of the court that plaintiff is not entitled to recover. It is therefore the judgment of the court that plaintiff’s petition should be dismissed. And it is so ordered.
Graham, Judge; Hay, Judge; Booth, Ju,dge; and Campbell, Chief Justice, concur.