Moss, Judge,
delivered the opinion of the court:
The plaintiff, Adelaide F. Chapman, in the year 1917 was the owner of 1,800 shares of the common capital stock of the Bethlehem Steel Corporation, which was acquired on various dates and at different prices in the year 1915, the total cost being $201,151.25. On January 23, 1917, the directors voted to increase the capitalization of said corporation, and in this connection declared a stock dividend of 200 per cent upon the common stock; and on February 17, 1917, plaintiff received from the corporation 3,600 shares of the new stock as her proportion of the stock dividend. Plaintiff reported said stock dividend in her tax return for 1917 as dividend. Thereafter, and before December 31, 1917, plaintiff sold the 3,600 shares received as a stock dividend for the sum of $371,690.
Plaintiff contends that the income resulting from the sale in 1917 of the stock received as a stock dividend in that year was taxable at the rates for prior years under the provisions of section 31 of the revenue act of 1916, as amended by section 1211 of the revenue act of 1917, 40 Stat. 300, 336-337, in which it is provided that in any distribution made by a corporation, whether represented by cash or by stock of the corporation, such distribution shall be considered income to the amount of the earnings or profits so distributed; and plaintiff is suing for the recovery of the additional tax paid amounting to $64,199.
The Government contends, on the other hand, that the income resulting from the sale of the stock received as a *428 stock dividend was not the receipt of dividend, but was gain or profit derived from the sale of the stock, and that section 31 of the act of 191G as amended has no application. The Commissioner of Internal Revenue assessed the additional tax on this basis, computing the tax on the difference between the cost of the stock and the amount realized from its sale, properly applying the 1911 rates.
The theory upon which the commissioner proceeded was correct, as determined by the United States Supreme Court in the case of Towne v. Eisner, 245 U. S. 418; in Eisner v. Macomber, 252 U. S. 189; and in other cases, in which it was distinctly held that a stock dividend does not constitute taxable income.
The commissioner in computing the cost of the 3,600 shares properly considered the original total cost of the 1,800 shares as representing the total cost of both the 1,800 shares and the 3,600 shares distributed as a stock dividend; and on this basis the commissioner fixed the cost of the 3,600 shares at $37.25 per share, and assessed the additional tax accordingly. The plan adopted by the commissioner in ascertaining the profit was correct. To state the question simply, by the payment of the sum of $201,151.25 plaintiff acquired a capital interest in the corporation, and she received as evidence of that interest 1,800 shares of the original common stock, and without further cost she also received an additional 3,600 shares, or a total of 5,400 shares. Her interest in the corporation was neither increased nor diminished by the later acquisition of the 3,600 shares. It remained precisely the same.
The contention of the plaintiff that the Government is barred by the statute of limitations is not tenable.
It is the opinion of the court that plaintiff is not entitled to recover. It is therefore the judgment of the court that plaintiff’s petition be dismissed. And it is so ordered.
GRaham, Judge; Hay, Judge; Booth, Judge; and Campbell, GKief Justice, concur.