DISTRICT COURT OF PERTH AMBOY.

STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, PLAINTIFF, v. HARRY W. UCHIN, DEFENDANT.

Decided May 1, 1931.

For the plaintiff, *William A. Stevens,* attorney-general (by *Robert Peacock*).

For the defendant, *John E. Toolan* and *William J. Egan*.

GOLDBERGER, J.   The defendant is charged with having commenced and continued the practice of chiropody without first having obtained a license therefor, in violation of section 8 of an act entitled, "An act to regulate the practice of chiropody, to license chiropodists, and to punish persons for violations thereof" (approved April 13th, 1909, as amended, &c.).

The facts, as they appear in the testimony, are that professional women investigators employed by the state did, on several occasions, enter the shoe store of the defendant, who appears to be a reputable dealer of some twenty years' standing in the city of New Brunswick, and complained of pains in the feet.   The dealer suggested that they bathe their feet in hot water, use soap, balm and powders; he also had the witnesses remove their shoes and stand on a pedigraph (electrical machine) to take "a picture of their feet."   He finally sold them some nationally-known proprietary preparations in the original packages, having printed thereon a written statement as to their uses, and the price printed thereon.   Defendant also sold a pair of arch supports.   The

dealer called their attention to the directions on the packages. He did not hold himself out as a doctor of chiropody, nor did he cut any corns or callouses, nor did he make any charges other than the printed price for the so-called remedies.

The statute does not define chiropody, and the court is requested to rely upon a witness for the meaning of the same. Said witness purports to be a graduate of a so-called Illinois College of Chiropody, and testifies that in his opinion the acts or treatments complained of was practicing chiropody. I do not agree with him, nor am I satisfied to take his testimony as being competent for that purpose. The act in question sets forth the requirements to obtain a license to practice chiropody, but nowhere does it reveal just what is meant by the practice of chiropody. There is no standard whatever set by the statute, or attempted to be fixed, by which a person may regulate his conduct.

I am not willing to convict a person for an act, the violation of which does not depend upon any standard established by the legislature which may be known in advance, but one created by the judiciary, which may be as varying and uncertain as the varying viewpoints of respective judges, and even which variable standards cannot be known until after the infraction of the acts complained of. As was said by Mr. Justice Holmes in *Towne* v. *Eisner*, 245 *U. S.* 418: "A word is not a crystal, transparent and unchanged; it is the skin of a living thought, and may vary greatly in color and content, according to the circumstances and the time in which it is used."

It is the duty of the legislature to enact laws specific enough so that a citizen may be entitled to an unequivocal warning before conduct on his part, which is not *malum in se,* can be made the occasion of a deprivation of his liberty or property. *Wester* v. *Hade,* 52 *Pa. St.* 478; *People* v. *Sherman,* 100 *N. Y.* 351.

It is the duty of the judiciary to construe the laws that may be enacted by the legislature, although it is not for the court to enquire whether the legislature has violated the general principle of liberty and the rights of property, or whether

its acts are wise or expedient, or not; but, as I have stated, the statute, in my mind, is so incomplete that I am determined not to adjudge the defendant guilty of the charges preferred against him.

Laws are enacted to be read and obeyed by the people at large, and words in common use by the people should be given the same meaning in the law as they have among the people who are expected to read them. *Adams* v. *Lansdon* 18 *Idaho* 483.

While the removal of corns and callouses constitute chiropody, according to its common accepted definition, I am not ready to hold that the other treatments alleged to have been suggested by the defendant come within its scope. *State* v. *Armstrong,* 225 *Pac. Rep.* 491; 38 *Idaho* 498; 33 *A. L. R.* 836.

The complaint will be dismissed.