*1416 OPINION.
Smith:
In their brief the petitioners rely upon the following points as supported by the evidence introduced at the hearing.
1. $2,522 per share of the amount realized from the sale of the shares of the preferred stock of the May Drug Company represented a distribution of earnings of the company accumulated prior to March 1, 1913, and should be deducted from the amount realized through the sale in determining the gain incurred in said sale.
2. The base or cost value of the property which came to taxpayers, Herbert L. May and Estelle May Affelder, from the estate of their father, Barney May, deceased, should be the value as of the date of the actual distribution to them, and, particularly, on the preferred stock dividend of the May Drug Company which was not declared or created until two years after the death of their father.
As we understand the pleadings in these proceedings the petitioners do not question the accuracy of the respondent’s computations, provided the principles invoked by him are correct. The petitioners contend that they are not correct in the two particulars above pointed out, namely, that inasmuch as the May Drug Company had a surplus of $134,857.10 on March 1, 1913, and the declaration of the stock dividend in December, 1922, impinged upon that surplus to the extent of $126,108, a portion of the profit realized upon the sales of the preferred stock in 1927 must be held to be tax-exempt income; secondly, that the respondent has used as the value of stock inherited from the father of the two petitioners last named the value thereof on the date of the death of their father, rather than the value of those shares at the time actually received by them.
*1417 The contention of the petitioners that a stock dividend distributes any part of the assets of a corporation to the stockholders is without foundation. The point was settled by the Supreme Court in Gibbons v. Mahon, 136 U. S. 549, in which the court said: “A stock dividend really takes nothing from the property of the corporation, and adds nothing to the interest of the stockholders. Its property is not diminished and their interests are not increased. The proportional interest of each stockholder remains the same.” This observation is fundamental and was the basis of the decision of the court in Towne v. Eisner, 245 U. S. 418, in which it was held that the declaration of a stock dividend which represents surplus profits transferred to the capital account is not taxable income within the meaning of the Income Tax Act o.f 1913. In Hugh R. Wilson, 3 B. T. A. 957, we held that where a corporation in 1920 declared and paid a stock dividend, the par value of which exceeded the earnings or profits of such corporation accumulated since February 28, 1913, and thereafter in 1920 declared and paid a cash dividend in an amount less than the amount of such earnings or profits, the cash dividend is deemed to have been made from earnings or profits accumulated subsequent to February 28, 1913. This decision was predicated upon the determination that the stock dividend distributed nothing to the stockholders. The assets of the corporation remained the same after the payment of the stock dividend as before. All that happens by the declaration and payment of a stock dividend is that the stockholder’s interest in the corporation, not increased or diminished thereby, is represented by a larger number of shares. The basis of the Supreme Court’s holding that the recipient of the stock dividend receives no net income is that the stock dividend distributes nothing to the stockholder.
Applying the above mentioned, well established principle to the proceedings at bar, it must be held that the stock dividend declared in December, 1922, did not serve to distribute anything to the stockholders and did not render any part of the profit received on the sale of shares tax-exempt income. Cf. Case et al., 26 B. T. A. 1044. So far as appears, the Commissioner has applied the principles for the computation of the gain in accordance with Safe Deposit & Trust Co. of Baltimore v. Miles, 259 U. S. 247. He has treated the stock dividend simply as a dilution of the shares of stock held by each of the petitioners and has reduced the base in accordance with the above mentioned case and his regulations. The respondent’s method of computing profits upon the sales of the securities is therefore approved.
The only other question in issue in the last two docket numbers is whether the respondent has correctly used the date of the death *1418 of Barney May (February 12, 1921) as the basic date for determining the fair market value of the securities sold. The petitioners contend that this is not the correct date, at least on the preferred stock sold, since the preferred stock sold was declared as a stock dividend subsequent to the death of Barney May.
It must be held, in accordance with the decision of the Supreme Court in Brewster v. Gage, 280 U. S. 327, that the date of acquisition of the petitioners’ interests in the shares of stock acquired from their father’s estate was the date of the death of the decedent. That case is decisive of the issue involved. So far as appears the respondent correctly determined the deficiencies of the petitioners in accordance with Safe Deposit & Trust Co. of Baltimore v. Kites, supra.

Judgment will he entered for the respondent.