*737
 
 ODOM, Justice.
 

 Oliver Lewis died intestate in February, 1938, and his widow, Mrs. Climmie Lewis, was appointed administratrix of his succession. In her application to administer, she alleged that her husband left neither ascendants nor descendants but was survived by “several brothers and sisters living within and without the State and that an attorney at law should be appointed to represent them”.
 

 An inventory of the property belonging to the succession was made. It showed real estate appraised at $2,750 and personal property, consisting mainly of cash on deposit in four banks. Among other items listed were 14 United States of America 3 per cent Adjusted Service Bonds, appraised at $700. After listing and describing all the property found, the appraisers mentioned “War Risk Insurance with United States Government, policy lost or misplaced amount unknown”.
 

 Some three months after her appointment, Mrs. Lewis by petition informed the court that the insurance policy had been found, that it was for $2,000, that she had collected the proceeds, and prayed that the inventory be amended by adding this amount thereto, and it was so ordered by the court. The property of the succession, including the proceeds of this policy, was appraised at $10,213.74.
 

 On May 5, 1938, the administratrix filed what was termed a provisional account, on which she listed various items put down as debts of the succession, which she proposed to pay. These items consisted of funeral expenses, taxes, court costs, attorney’s fees, notarial and appraiser’s fees, and several other amounts alleged to be due by the succession. The account was advertised, and, there being no. opposition thereto, it.was approved and homologated, and she was authorized to pay the claims as listed. Her final account was likewise approved and homologated, and the additional claims listed thereon were paid.
 

 All the debts of the succession, amounting to $1,116.45, having been paid, Mrs. Lewis, the widow of the deceased, presented a petition to the court, in'which she alleged that she is the widow of Oliver Lewis, who died intestate, and that all the property listed in the inventory belonged to the community which had existed between him and her, and that she, as his widow, had inherited his interest therein; that she was willing to accept, and did accept, the succession of the decedent purely, simply, and unconditionally; that she desired to be recognized as his sole heir, and as such be sent into possession of all the property left by decedent. She prayed that she be discharged as administratrix and sent into possession as owner of the property.
 

 Her application to be recognized as the sole heir of the deceased and to be sent into possession was opposed by the brothers and sisters of the deceased Oliver Lewis, on the ground that a portion of the property left by him belonged to his separate estate, which they had inherited. As the deceased left neither ascendants nor
 
 *739
 
 descendants it was conceded that his widow inherited his share of the community. The property claimed as having belonged to the separate estate of the deceased was the .proceeds of the $2,000 life insurance policy and the 14 United States of America 3 per cent Adjusted Service Bonds, appraised at $700. There was judgment sustaining this opposition, and the administratrix was ordered to pay to the brothers and sisters, share and share alike, the proceeds of the life insurance policy, amounting to $2,000, less $909.36, the amount of premiums paid on the policy during the existence of the community, and recognizing the adjusted service bonds as belonging to the separate estate of the deceased. The court ordered that all costs of the administration be chargeable to, and paid out of, the personal property of the deceased “on a pro rata basis according to amount due each between the separate estate and the community property of the succession”.
 

 A rehearing was granted on motion of Mrs. Lewis. On rehearing the former judgment was reinstated “except as to costs which are to be paid pro rata by the administration [administratrix] and by the opposition”. This judgment was rendered on November 12, and on December 6 the attorney for the heirs ruled Mrs. Lewis to show cause why she should not comply with the judgment by paying over the amounts ordered to be paid, and the court was asked to fix the exact amount to be paid over. It was finally ordered that the brothers and sisters of the deceased, who inherited the entire amount of the separate estate, pay 39]4 per cent of the costs of administration, and that the widow, who inherited the deceased’s community interest in the property, pay the balance.
 

 The administratrix appealed from the judgment.
 

 The trial judge’s ruling that the proceeds of the life insurance policy belonged to the separate estate of the deceased was based upon his finding that the policy was issued prior to the date of Mr. Lewis’ marriage and was made payable to his father, whose death occurred prior to that of the insured. While it is not shown by the record, we assume that the policy provided that, if the beneficiary should die prior to the date of the insured’s death, the proceeds should be paid to the insured’s estate; otherwise the administratrix could not have collected the policy.
 

 The court found that premiums on the policy amounting to $909.36 had been paid by the insured after his marriage and that therefore the community was entitled to credit for that amount, to be charged against the separate estate of the deceased. The ruling on both points was correct. Berry v. Franklin State Bank & Trust Co., 186 La. 623, 173 So. 126.
 

 The court’s ruling that the United States Adjusted Service Bonds belonged to the separate estate of the deceased was based upon the finding that deceased was a veteran of the World War and that, after his discharge, the government issued to him a certificate showing that he was entitled to additional compensation amounting
 
 *741
 
 to $700, and that the service was rendered prior to the date of his marriage.
 

 Because this certificate and the adjusted service bonds issued in lieu thereof were delivered after the marriage, the widow contended that this property fell into the community. The court ruled against her on this point, and the ruling was correct.
 

 Appellant in brief points out three er-rors in the .judgment. The first is that the court failed to credit the community with interest on the amounts paid as premiums on the life’ insurance policy. The second error complained of is that the court erred in not recognizing the widow as the owner of the adjusted service bonds, and the third is that the court erred in recognizing the brothers and sisters as being entitled to any portion of the estate, because there is no testimony in the record to show that they were in fact brothers and sisters of the deceased.
 

 We find no merit whatever in any of the points raised. As to the interest which appellant now claims should be allowed on the payments made to keep the policy alive, it suffices to say that she made no such claim in the court below, and the claim cannot be considered here.
 

 Counsel’s argument that she owns the adjusted service bonds, amounting to $700, is without merit. In an agreed statement of facts by counsel for.Mrs. Lewis and counsel for the absent heirs, appears the following: “Mrs. Climmie Lewis claims and states that the said bonds were presented to her as a gift or present by her deceased husband.”
 

 Counsel argued before this court, and states in his brief, that the deceased made a manual gift of the bonds to his wife. This contention was not made in the lower court and is utterly inconsistent with the pleadings.
 

 As stated already, Mrs. Lewis made application to the court to be recognized as the owner by inheritance of all the property left by the deceased. The brothers and sisters opposed this application, specifically alleging that these bonds belonged to the deceased’s separate estate. In answer to that opposition, Mrs. Lewis alleged: “that the fourteen (14) Adjusted Service Bonds were received and obtained by said Oliver Lewis, deceased, after his marriage with your Administratrix and fall within the community of acquets and gains, and your Administratrix as sole surviving widow and heir is entitled to the proceeds thereof.”
 

 It is therefore perfectly clear that the argument made in this court, that she owns the bonds because they were given to her by her husband, is utterly inconsistent with her pleadings and deserves no serious consideration.
 

 As to appellant’s third contention, which is that no proof was made that opponents were the brothers and sisters of the deceased, it is sufficient to say that that point was not raised in the district court. Mrs. Lewis alleged that deceased left several brothers and sisters as his nearest relatives and that an attorney should be appointed to represent them. That attorney did represent them all through, and finally filed the opposition to which we
 
 *743
 
 have referred. In her answer to that opposition, she did not question their relationship to the deceased, nor did she urge in the trial of the opposition that no proof had been administered to - show their relationship. She cannot raise the point now.
 

 Counsel for the heirs answered the appeal, asking that the, judgment apportioning the costs be amended. We find no reason for disturbing the judgment on this point. The trial judge ruled that all costs of .the administration should be paid out of the estate of the deceased, and that the community was not liable for any portion thereof. That ruling was correct. See Succession of Pizzati, 141 La. 645, 75 So. 498; Succession of Solis, 10 La.App. 109, 119 So. 768.
 

 The estate of the deceased consisted of his community interest in the property acquired during the marriage, and of the proceeds of the life insurance policy, less the premiums deducted, and of the adjusted service bonds. The widow inherited his interest in the community property, and his brothers and sisters inherited the balance of the estate, which formed no part of the community. According to the calculation made by the trial judge, who ordered that the costs be paid out of the movables, according to Article 3191 of the Civil Code, the brothers and sisters inherited 39j4 per cent of the estate and the widow inherited the balance. He therefore ordered that 39j4 per cent of the qosts be paid by the brothers and sisters and that the balance be paid by the widow. This, we think, was a fair and equitable adjustment. We find no error in the court’s ruling on this point.
 

 The judgment appealed from is affirmed.