**BANKERS TRUST CO. et al. v. FLORIDA EAST COAST RY. CO. (KNIGHT, Intervenor).**

No. 757.

District Court, S. D. Florida, Jacksonville Division.

March 13, 1940.

E. F. P. Brigham, of Miami, Fla., for intervening petitioner.

Russell L. Frink, H. P. Adair, and L'Engle, Shands, McCarthy & Martin, all of Jacksonville, Fla., opposed.

STRUM, District Judge.

By intervening petition herein, Mrs. Jessie G. Knight, formerly Mrs. Hugh Turner, seeks preferential payment, as an operating expense of the defendant Railway, of a judgment heretofore rendered in the State Circuit Court for Dade County, Florida, awarding her damages for the wrongful death of her husband, Hugh Turner, as a result of injuries received by him in the performance of his duties as an employee of said Railway Company. The petition is based upon Section 77, sub. n, of the Bankruptcy Act, as amended by the Act approved August 11, 1939, 11 U.S.C.A. § 205, sub. n. Receivers were appointed by this Court for the defendant Railway on September 1, 1931. The State Court judgment in question was rendered February 29, 1932. The injuries to the employee, Hugh Turner, for which judgment was rendered, were suffered by said employee prior to the appointment of said Receivers.

At the hearing, it was conceded that the deceased, Hugh Turner, met his death from personal injuries received in the course of, and while performing, his duties as an employee of the defendant Railway Company, and that the petitioner here (Mrs. Knight) is his widow.

The judgment here presented for preferential payment is a judgment of a State Court of record and of general jurisdiction. Its validity may be challeged only upon grounds which go to the power of the Court to render the judgment, that is, lack of jurisdiction of parties or subject matter. No such grounds are here asserted. Whether or not the Court erred in rendering the judgment is not open to inquiry here,—not only upon well recognized gen-

eral principles of law, but for the additional reason in this case that the judgment was entered upon the stipulation and consent of counsel for the defendant Railway Company, who were also counsel for the Receivers. For these reasons, the questions whether or not the deceased was engaged in interstate or intrastate commerce when he met his death, is deemed immaterial.

The Receivers and mortgage creditors assert that the statute on which petitioner relies is confined to claims of "personal representatives" of deceased employees, and that said petitioner as "widow" is not within the provisions of the statute.

In Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 159, 62 L.Ed. 372, L.R.A.1918D, 254, the Supreme Court said: "A word is not a crystal, transparent and unchanging, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." In the recent case of Griffiths v. Helvering, 60 S.Ct. 277, 278, 84 L.Ed. ——, the Supreme Court said again: "Legislative words are not inert, and derive vitality from the obvious purposes at which they are aimed."

■ In my opinion, the benefits of the statute extend, inter alia, to injured employees and to those entitled to recover for the wrongful death of deceased employees, injured in the course of their employment. The words "personal representatives" of deceased employees are not used in a technical or restricted sense which limits them to "administrator or executor." To so construe them would seriously emasculate the statute to the prejudice of persons who should be, and who in my opinion were, intended by Congress to be amongst its chief beneficiaries, namely, the widow of a deceased employee killed in his employment. While the statute should not be enlarged beyond its terms, it is a remedial statute, and should be construed in harmony with its purpose and the obvious intent of Congress, which is to be gathered from the entire context.

■ Those objecting to the petition also make the point that petitioner's claim was not filed within the time fixed by the Court's former orders herein relating to claims generally, and therefore that the claim is barred. The object of requiring the filing of claims within a stated period is to give the Receivers timely notice of the existence thereof. As counsel who specifically consented to the entry of this judgment were also counsel for the Receivers, there was ample notice of its existence. There is no substantial reason for requiring further proof of such a claim. Moreover, the Act of August 11, 1939 fixes no time limit within which claims covered by said Act are to be filed, and the Court has no power to attach such conditions. The Act provides that these claims shall receive preferential payment, and no time limit for filing is provided. This objection, as well as the constitutional validity of the statute itself, are fully disposed of in Carpenter v. Wabash Railway Company, decided January 29, 1940, 60 S.Ct. 416, 418, 84 L.Ed. ——, where it is said: "We have no doubt that Congress has constitutional power to impose this requirement [that preference be given]. * * * This is a direct requirement governing the action of the court in this cause. * * * The statute is explicit and mandatory and the District Court has no discretion to act contrary to its terms."

■ Petitioner's claim is within the class described in the statute and should be preferred and paid accordingly, as an operating expense, out of the earnings of said Railway Company in the hands of the Receivers. In addition to Carpenter v. Wabash Ry. Co. supra, see Chase Nat'l. Bank v. Mobile & Ohio R. R. Co., D.C., 30 F.Supp. 565.

■ As to interest: As a general rule, after the property of an insolvent is in custodia legis, interest thereafter accruing is not allowed on debts payable out of funds realized by operation or sale of the property. Interest is usually allowed only up to the date of the appointment of the Receivers. This, however, is not because claims lose their interest-bearing qualities during the period within which the property is in custodia legis. The reason is that in such cases the delay in distribution is the act of the law, and a necessary incident to the settlement of the estate. "The rule does not prevent the running of interest during a receivership, and if, as a result of good fortune or good management, the estate proves sufficient to discharge the claims in full, interest as well as principal is to be paid." Ohio Savings Bank v. Willys Corporation, 2 Cir., 8 F.2d 463, 468, 44 A.L.R. 1162; Board of Commissioners v. Bernardin, 10 Cir., 74 F.2d 809; American Iron Co. v. Seaboard A. L. Ry., 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949; also

964

Notes, 39 A.L.R. 457; 44 A.L.R. 1170; 69 A.L.R. 1210. The same may be said of claims which Congress has ordered to be preferred and paid as an operating expense, when, as here, there are ample funds to pay principal and interest of all claims of like class.

In my opinion therefore it is the duty of the Receivers to preferentially pay exactly what the Railway Company would have to pay to satisfy the claim. In the case of a claim merged into a judgment, that includes interest which by operation of the Florida statute (Chapter 16051, Acts 1933) follows as an incident to the judgment.

An order will be entered directing said Receivers to forthwith pay said judgment, with lawful interest from the date thereof to the date of payment, as an operating expense of such Railway Company.