John Hiram Lewis, Sr., died at his domicile in Acadia Parish, on August 29, 1942, and left a last will and testament in olographic form devising all his properties, consisting of both movable and immovable property, to his three children and sole heirs, John Hiram Lewis, Jr., Charles Sidney Lewis, and Marion Bean Lewis, wife of Robert C. Broadhurst, subject to the usufruct of his surviving spouse, Mrs. Allie Johnson Lewis. It is shown that all of the properties belonged to the community of acquets and gains existing between the deceased and his said surviving spouse, and *Page 8 
that the gross value of said property was $47,007.76 and the amount of community debts was $1,693.95, leaving a net community estate of $45,313.81.
In other words, from the above it can be readily seen that the net value of the decedent's half of the community was $22,656.90. It is also shown that the funeral and burial expenses of the decedent were the sum of $1,029. It is further shown that the surviving widow at the time of decedent's death was 71 years and 2 months of age.
The dispute in the case is between the heirs and the Tax Collector. The heirs claim that the funeral expenses should be deducted from the net value of decedent's share of the community as a debt thereof, whereas the Tax Collector contends that the funeral expenses occurred only after the death of the deceased and that for that reason he could not have contracted therefor and his beneficiaries should be held accountable therefor, and consequently the funeral expenses should not be deducted from the net share in the community in calculating the shares of the heirs for inheritance tax purposes. It is contended by the heirs that the value of the net estate, after deducting the funeral expenses, should be reduced by the value of the usufruct of the surviving widow and that this should be done by considering the expectancy of life of the widow according to the table known as the American Experience Table of Mortality, at six per centum per annum, compound interest, as provided by Section 23 of Act 127 of 1921, Ex. Sess., the Inheritance Tax Law. The Tax Collector contends that Section 23 does not provide for any life expectancy for a person above 70 years of age, for the reason that the mortality tables inserted in the Act stop at age 70, and that consequently the usufruct of the surviving widow in this case has no value, since she was 71 years of age when her husband died.
The lower court upheld the contention of the heirs and decreed that the estate was free of inheritance tax.
It is well settled in our jurisprudence to the effect that funeral expenses, created after death, are not community obligations, and can only be charged against the decedent's separate property or his or her net half of the community estate. It is true that it is not a contractual obligation of the decedent, yet the fact remains that it is an obligation on the decedent's estate created by law and is secured by a privilege on both the movables and immovables of the estate. It should therefore be deducted from the decedent's share of the community as any other separate obligation or debt of the decedent. The interest of the heirs is only in the residuum of their father's net share of the community. Succession of Pizzati, 141 La. pages 645, 646, 678, 75 So. page 498; Succession of Lewis, 192 La. 734,189 So. 118.
With reference to the contention relative to the value of the usufruct, it seems ridiculous to us that it can be contended that merely because the Act carries the American Experience Table of Mortality only to the age of 70, that a person above that age should have no life expectancy. Section 23 reads as follows: "In fixing the value of any legacy or donation mortis causa which consists in whole or in part of an annuity or usufruct or right of use or habitation, the court shall consider the expectancy of life of the legatee or donee according to the table known as the American Experience Table of Mortality at six per cent per annum compound interest." The record contains the actual American Experience Table of Mortality which carries the expectancy to the 95th year. In accordance with that table, the surviving spouse had a life expectancy of eight years. It is to be noted that the table fixing the present value of a dollar for x years hence at six per cent compound interest and which immediately follows the partially set out American Experience Mortality Table provides for a period of 100 years, and that in accordance therewith, the value of one dollar for 8 years, the life expectancy of the surviving widow was .665057, all of which was applied by the lower court and in conformity with the concluding paragraph of Section 23 of the said act. See In re Stelly's Estate, La.App., 185 So. 637.
We find no merit in any of the contentions of the Tax Collector, and it therefore follows that the judgment of the lower court stands affirmed. *Page 9