On Rehearing
McCALEB, Justice.
A careful reconsideration of our holding that stock dividends declared during the marriage on stock separately owned by one of the spouses do not fall into the community, has served only to convince us of the soundness of the views expressed in our original opinion. Since the facts and the law of the case are fully set forth therein, further comment would appear to be repetitious. However, in view of the earnest insistence of plaintiff’s counsel that grave error has been committed, a brief answer to their contentions may be in order.
The principal position of counsel is that a stock dividend is property and, when declared during the marriage, it necessarily falls into the community under Article 2402 of the LSA-Civil Code, even though the stock be separately owned by one of the spouses.
We concluded on first hearing that a shareholder, by receiving a stock dividend, does not acquire anything as his interest in the corporation remains entirely unchanged. See Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 62 L.Ed. 372, and other authorities cited in our original opinion. In other words, a stock dividend is the result of an overall increase of corporate capital and no property is acquired by the stockholder when it is paid, as it is merely a change in the form of the recognition by the corporation of a stock interest already *699 owned. That this view is basically sound, in law and in fact, is easily demonstrated.
Shares of stock are the proportionate integers or units of the capital stock being the interest or right which the owner thereof has in the management of the corporation and to share in the profits and also in the property and assets in the event of dissolution. LSA-R.S. 12:1(O); 11 Fletcher Cyclopedia of the Law of Private Corporations (Perm.Ed.1932) Sec. 5083. Accordingly, if A owns a 10% interest in X corporation, represented by 10 shares of the capital stock of a total of 100 shares, he does not acquire anything upon the declaration of a 100% stock dividend whereby the capital stock is increased to 200 shares and A is given 10 more shares, making a total of 20 shares. In such case, he holds 20 shares of a total capitalization of 200 shares and his original 10% interest undergoes no change whatsoever.
It necessarily follows that, since nothing is acquired by the declaration of a stock dividend, it cannot be a fruit of the stock ownership as counsel for plaintiff alternatively contend.[1]
Counsel for plaintiff also take issue with our ruling that the $500 a month pension, which is being paid by the Coca Cola Company to the defendant, is a gratuity and, therefore, did not fall into the community. Their theory is that this pension became a community asset as it was provided during the marriage when the defendant was retired from active service by his employer.
Whether a pension, which becomes payable during a marriage, belongs to the community or is the separate property of the recipient depends chiefly upon the conditions and circumstances under which it is given. If it results from a contract between the payor and the pensioner and is part of the consideration for the services which have been rendered, then it unquestionably becomes a community asset. But, if such payment is made during the community for services performed prior to the marriage, it would seem that it would be the separate property of the pensioner.[2]
In the case at bar, no such issue is presented as the question for decision is merely whether the retirement pension provided the defendant on December 1, 1945 was a *701 gratuity or a right which accrued as the result of contract. Determination of this is purely an issue of fact and, in our original opinion, we found that the uncontroverted evidence showed that the pension was a gratuity extended to defendant in recognition of his long and faithful service to the Coca Cola Company of more than 40 years.
In oral argument on the rehearing, counsel for plaintiff maintained that the very fact that the pension was awarded in appreciation of defendant’s previous long service to the company, exhibits that it was a payment for services performed and, therefore, not a gratuity.
We are not in accord with this postulation. It seems clear that an enforceable pension right must fall into one of two categories; either it is acquired at the inception of the employment as part thereof or it may result from a promise to pay after a definite period of service in consideration of past and present services or those to be rendered. In such instances, the pension may be said to be part of the salary contracted for, which is deferred until the pensioner has served his employer for a stated time or because of the continuance of his services.
In the case at bar, there is no pretension that defendant had any agreement, either express or implied, with the Cocoa Cola Company to place him on pension at a certain age or after a stated period of service. Conversely, the evidence shows merely that the Company retired him on a pension of $500 per month without any obligation on its part to do so.
Consequently, since the defendant had been fully paid his salary for the services he rendered up to the time of his retirement, the pension provided him was not founded on legal consideration and can only be regarded as a gratuity. And the fact that the pension was awarded in recognition of defendant’s past services, does not in anywise detract from its status as a gift. Indeed, most gifts of this character are motivated by gratitude and, if defendant had not served his employer faithfully and well, there would have been no reason for it. The pension in this case is no different in principle from the gift to a retiring employee of a watch or other property which is intended for his personal use. Accordingly, by the specific provisions of Article 2334 of the LSA-Civil Code, it became the separate property of defendant despite the fact that it was awarded during the marriage.
For the reasons heretofore set forth by us, as amplified herein, it is ordered that our original opinion and decree be and it is reinstated as the final judgment in this case.
HAMITER, J., concurs in the decree.

. In this connection, we may add that the Supreme Court of the United States, in holding that a stock dividend does not constitute income within the meaning of the 16th Amendment to the Federal Constitution, tersely stated in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 194, 64 L.Ed. 521: “A ‘stock dividend’ shows that the company’s accumulated profits have been capitalized, instead of distributed to the stockholders or retained as surplus available for distribution in money or in kind should opportunity offer. Far from being a realization of profits of the stockholder, it tends rather to postpone such realization, in that the fund represented by the new stock has been transferred from surplus to capital, and no longer is available for actual distribution.”

. See Succession of Lewis, 192 La. 731, 189 So. 118.