In the Matter of The CENTRAL RAIL-ROAD COMPANY OF NEW JERSEY, Debtor.

Appeal of Frances A. DUGAN, Individually and as Administratrix ad Prosequendum of the Estate of Charles A. Dugan, Deceased, et al.

Appeal of Lloyd HOAK et al.

Nos. 72-1511 and 72-2092.

United States Court of Appeals, Third Circuit.

Submitted on briefs April 13, 1973.

Decided May 30, 1973.

Roger H. McGlynn, Newark, N. J., and Arnold B. Elkind, New York City, for appellants.

Roger C. Ward, Pitney, Hardin & Kipp, and Stanley Weiss, Carpenter, Bennett & Morissey, Newark, N. J., for appellee.

Before ADAMS, GIBBONS and WEIS, Circuit Judges.

### OPINION OF THE COURT

WEIS, Circuit Judge.

The perplexing problem of the priority applicable to personal injury claims of

employees of a railroad in reorganization proceedings is presented to the Court by petitioners here. The appellants have been determined to be entitled to recover from the debtor under the Federal Employers Liability Act for death in one instance and injuries in other accidents which occurred while the railroad was being operated by the Receiver in the course of reorganization under § 77. In several instances judgments were obtained after jury trials and in other cases settlements were approved by the reorganization court. That Court refused to allow interest on any of the judgments or settlements and ordered that the claims be satisfied by payments from a fund derived from operating expenses on an "as available" basis.

The following table will illustrate the rather typical delay between date of liquidation of the claim by judgment or settlement and the date of final payment:

| Name of Creditor | Amount of Claim | Obtained by Judgment or Settlement | Date of Liquidation | Date of Final Settlement |
|---|---|---|---|---|
| Dugan | $57,150.24 | J | Apr. 6, 1971 | Mar. 28, 1972 |
| Koch | 25,330.00 | J | Nov. 17, 1971 | July 28, 1972 |
| Hoak | 30,000.00 | J | Motion for appeal withdrawn Aug. 4, 1972. No payment to date. | |
| Paletsky | 94,000.00 | J | May 12, 1972 | Partial payment $11,000. Mar. 27, 1973; Balance unpaid. |
| Rydzewski | 10,000.00 | S | Nov. 5, 1971 | May 26, 1972 |
| Horkan | 15,000.00 | S | Jan. 7, 1972 | Sept. 20, 1972 |
| Iveson | 15,000.00 | S | Dec. 6, 1971 | Aug. 2, 1972 |

On October 13, 1967, in the early stages of the reorganization, the District Court signed Order No. 53 authorizing the trustees to settle and pay certain personal injury claims in amounts not exceeding $15,000.00 and to submit to the Court a list of pending cases every six months thereafter.

The Receiver established a system for paying claims of this nature by allocating $35,000.00 monthly from income to payment of claims of less than $15,000.00 and paying seriatim, as funds become available, those cases over $15,000.00 which required Court approval.

On November 13, 1967 an order was entered permitting the trustees to pay all current freight and miscellaneous interline accounts.

The District Court was sympathetic with the plight of the personal injury claimants but was much concerned about the precarious financial position of the debtor which has continued to lose money in substantial amounts. Since the public interest required the operation of the railroad to continue, the Court felt that it had to be careful so that the trustees did not use the funds in such a manner as to curtail the functioning of the bankrupt line.

The general rule is that, unless it should develop that sufficient funds are available, no interest is payable thereafter on claims which have accrued on the date of bankruptcy. However, Congress has given special recognition to personal injury claims of employees of

railroads in reorganization by enacting subsection (n) to § 77 of the Bankruptcy Act, 11 U.S.C. § 205(n), which reads in pertinent part:

"(n) In proceedings under this section, and in equity receiverships of railroad corporations now or hereafter pending in any court of the United States, claims for personal injuries to employees of a railroad corporation, claims of personal representatives of deceased employees of a railroad corporation, arising under State or Federal laws * * * shall be preferred and paid out of the assets of such railroad corporation as operating expenses of such railroad."

As *Collier* [1] points out, "The policy which underlies the preferred treatment of injured employees is understandable as an attempt to cause the business and those who have contributed to its financing to bear the personal risk assumed by those actually operating the enterprise. Such treatment is constitutional [citations] and must be classed as remedial legislation entitled to a liberal interpretation [citations]."

As further justification, it has been said, too, that claims for personal injuries which accrue after the receivership has commenced obtain a preference not because of any virtue of their own but because they are committed by the receiver and the receiver being an officer of the Court, the Court will pay its own obligations first. *See* Underhay, Tort Claims In Receiverships and Reorganizations, (1936) 22 Iowa Law Review 60.

■ Personal injury claims under the Federal Employers Liability Act when reduced to judgment accrue interest as a matter of right. There is no equitable rule which would require that the employees or their survivors be required to take less than the full amount of their claim in order to have funds available for other creditors whose transactions occurred in a purely commercial setting. If freight and interline claims are paid promptly and in full, there is no over-riding consideration requiring injured employees to finance, even partially, the continued operation of the railroad to the benefit of investors, more particularly, the bondholders, however worthy their position. The Eighth Circuit Court of Appeals recognized this general proposition in Reconstruction Finance Corporation v. Missouri-Kansas-Texas R. Co., 122 F.2d 326 (8th Cir. 1941), when it gave priority to a personal injury claim over other operating expenses.

In Powell v. Link, 114 F.2d 550 (4th Cir. 1940), interest was awarded on a prereceivership judgment for personal injuries. There the Court emphasized that § 205(n) was remedial and should be liberally interpreted.

Similarly, in Bankers Trust Co. v. Florida East Coast Ry. Co., 31 F.Supp. 961 (S.D.Fla.1940), interest was awarded from the date of judgment on a personal injury claim which had arisen before the reorganization took place. In that case, however, the Court pointed out that there were sufficient funds to pay interest on other claims in the same class.

We recognize the difficult cash position of the debtor in this case and appreciate the concern of the reorganization court to serve the public interest by continuing the operation of the road. In order to do so it is of course necessary to meet payroll expenses as they accrue. Much of the claims in the category of the petitioners in this case do represent a loss of wages. Had they not been injured, the employees' wages would have been paid as due and the men would have had the use of the funds. Since payment was postponed because of injury or terminated because of death in one instance, we see no equity in depriving the claimants of interest which merely represents a charge for the use of the money.

■ We are concerned, moreover, with the delay between the dates of judgment and satisfaction of the claims. As the Court indicated at the hearing on April 10, 1972, there was some question

---

1. 5 Collier on Bankruptcy, 14th Ed. § 77.21, f.n. 25.

whether the $35,000.00 monthly allocation should be increased, and that consideration should be given to that possibility. We agree and remand for the purpose of making findings on the practicality of increasing the funding from operating expenses to liquidate claims in this category at the earliest feasible dates.

In this suit the petitioners also ask that the bond of the Receiver-Trustee be increased. We find that it was not erroneous for the District Court to deny this request and see no further need to consider that issue.

The order of the District Court is reversed with instructions to award interest on personal injury claims of employees from the date of judgment or approval of settlement and the case is remanded with directions to make appropriate determinations on what sum of money may realistically be allocated from operating funds on a monthly basis to expedite satisfaction of these claims.