SPROUSE v. COMMISSIONER OF INTERNAL REVENUE.

No. 9751.

Circuit Court of Appeals, Ninth Circuit.

Oct. 22, 1941.

974

Charles E. McCulloch and Thomas B. Stoel, Jr., both of Portland, Or., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Warren F. Wattles, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Petitioner seeks review of a decision of the Board of Tax Appeals holding that a stock dividend received by him was taxable income.

Sprouse-Reitz Co., Inc., was organized under the laws of Oregon on February 20, 1920. On February 13, 1936, its capital stock, authorized and issued, was as follows:

| Class | Authorized | Issued |
|---|---|---|
| $100 par voting common | $ 600,000 | $ 397,471.25 |
| $100 par non-voting common | 1,200,000 | 819,333.06 |
| $100 par 7% cumulative preferred | 200,000 | none |
| Totals | $2,000,000 | $1,216,804.31 |

Its articles of incorporation contained the following provisions:

"The preferred stock shall be entitled to a dividend of 7% annually upon the par value before any dividends are paid on either class of the common stock. The common stock shall be entitled to dividends equally on each class thereof after the dividends on the preferred stock are paid.

"The preferred stock and the non-voting common stock shall have no voting power. The preferred stock shall be made redeemable at any time after three years from the date of its issue, in the discretion of the board of directors, but such redemption shall be at par, and after all accrued dividends have been paid. In the event of liquidation or dissolution of the corporation all classes of stock shall share equally in the assets."

On February 13, 1936, the corporation distributed a 10% stock dividend in non-voting common stock, divided between the holders of voting common and non-voting common stock. On December 15, 1936, the corporation distributed a 10% stock dividend in 7% cumulative preferred stock, divided between the holders of voting common and non-voting common stock. The fair market value of the stocks so distributed was the par value thereof. The stock dividends were distributed in addition to the payment of cash dividends. At the time of the distribution of the stock dividend, the corporation's earnings or profits available for distribution were not less than $200,000.

Petitioner owned only voting common stock immediately prior to the declaration of the first stock dividend. He received non-voting common stock, pursuant to the first stock dividend, having a fair market value of $20,000. He received 7% cumulative preferred stock, pursuant to the second stock dividend, having a fair market value of $22,300. He reported neither amount in his income tax return for 1936. Respondent audited petitioner's return, included therein as taxable income received by petitioner in 1936, the amount of $42,300, and assessed a deficiency in tax. The Board upheld respondent. Petitioner then filed the instant petition seeking review of that part of the Board's decision which upheld the inclusion of $20,000 as taxable income, such amount representing the value of the non-voting common stock received by petitioner as a dividend.

The Sixteenth Amendment of the Constitution provides in part that "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived * * *" The Revenue Act of 1936, § 22, 26 U.S.C.A. Int.Rev.Code, § 22, provides that "gross income" includes "dividends". Section 115(f) (1) provides: "A distribution made by a corporation to its shareholders in its stock or in rights to acquire its stock shall not be treated as a dividend to the extent that it does not constitute income to the shareholder within the meaning of the Sixteenth Amendment to the Constitution." 26 U.S.C.A. Int.Rev.Code, § 115(f) (1). The Board held that the non-voting common stock received by petitioner as a dividend was not "of precisely the same character" as the voting common stock, and each voting common stockholder received an "interest different from that which its former stockholdings represented". It concluded that the value of the non-voting common stock was taxable income under Koshland v. Helvering, 298 U. S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A. L.R. 756.

It is conceded that under the taxing act the value of the non-voting common stock, distributed to petitioner as a dividend, was taxable if it was "income" of the kind which the Sixteenth Amendment authorizes Congress to tax. Petitioner contends that the Sixteenth Amendment does not authorize taxation of the kind of income represented by the non-voting common stock. Respondent contends to the contrary. A determination of what is meant by the word "income" in the Sixteenth Amendment will solve the question presented. The Sixteenth Amendment "did not extend the taxing power to new subjects, but merely removed the necessity which otherwise might exist for an apportionment among the states of taxes laid on income". Eisner v. Macomber, 252 U.S. 189, 206, 40 S.Ct. 189, 193, 64 L.Ed. 521, 9 A.L.R. 1570.

The meaning of the word "income" in the Sixteenth Amendment is the same as the word has when "used in common speech" and is the gain derived from, or through a sale or conversion of, capital assets, from labor, or from both combined. Eisner v. Macomber, supra, 252 U.S. at page 207, 40 S.Ct. at page 193. The same case explains that income is *"not a gain accruing to capital; not a growth or incre-*

*ment* of value *in* the investment; but a gain, a profit, something of exchangeable value, *proceeding from* the property, *severed from* the capital, however invested or employed, and *coming in,* being *'derived'*—that is, *received* or *drawn by* the recipient (the taxpayer) for his *separate* use, benefit and disposal—*that* is income derived from property". *252 U.S.* at *page 207, 40 S.Ct.* at *page 193.*

Generally, insofar as the stockholder is concerned, the three main differences in stocks are in the rights (1) to an interest in the assets of the corporation, the differences being in the amount of such interest and the preference it may have over other interests in the corporation; (2) to dividends, the differences being in the absoluteness of the right, and whether such right is cumulative; and (3) to manage and control the corporate venture by voting.

■ The Board was of the view, as appellee argues here, that if the stock distributed as a dividend, differed in its nature from that held by the stockholder, the latter derived income. In other words, differences in such characteristics as preference in interest in the assets and in dividends, and the right to vote, are proposed as the test to determine whether the recipient of the stock dividend has derived income. We think such a test results from a misconstruction of the decisions of the Supreme Court.

■ As is well known, a corporation, except in a few instances, is an entity, distinct from the stockholders. When it has earnings, the stockholders do not, by reason of that fact, have income. When it segregates those earnings, even though such earnings have accumulated in a surplus, and declares a dividend payable in money, then the stockholder receives income;[1] or if the corporation takes from its surplus, assets and distributes them in kind to the stockholders, the latter derives income.[2] If the corporation keeps its earnings or profits and allows them to accumulate thus building up a surplus, the surplus belongs to the corporation, not the stockholders, and while the value of the stock may increase, the stockholders do not realize on the profits until the surplus, or part thereof is distributed to them, or until they dispose of their stock.

■ When the corporation accumulates a surplus, and then declares and distributes a dividend of its own stock, to determine whether the stockholders have received "income", actually and really is to determine whether the corporate earnings have been divided, segregated or set apart for the stockholders. Thus if the corporation has only one class of stock, the stock dividend is not a representation of a division or segregation of earnings, because the distributed stock gives the stockholders nothing which they did not already have. The proportionate interests are the same, the value of the original stock decreases to the extent of the value of the distributed stock, and the net result is that the stockholder's shares have been split into two interests.[3] The same thing is true where the corporation transfers its assets to a second corporation in return for the latter's stock, and then exchanges such stock for its stock.[4]

■ Where the corporation has more than one class of stock outstanding, and distributes a stock dividend to one class only, then the proportionate interests in the corporation are changed, because the class of stockholders who receive the dividend then have a greater interest in the assets of the corporation than those who did not receive the stock dividend.[5] There being a change in the proportionate interests, the recipients of the stock dividend have derived income. The same result obtains where the corporation transfers its assets to a second corporation in return for its stock, and then distributes as a dividend the stock of the second corporation. That portion of the distributed stock which represents surplus and profits, is a segregation of such profits, for the use of the stockholders in the first corporation and is income derived by them.[6]

[1] Lynch v. Hornby, 247 U.S. 339, 38 S.Ct. 543, 62 L.Ed. 1149.

[2] Peabody v. Eisner, 247 U.S. 347, 38 S.Ct. 546, 62 L.Ed. 1152.

[3] Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 62 L.Ed. 372, L.R.A.1918D, 254; Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570.

[4] Weiss v. Stearn, 265 U.S. 242, 44 S. Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520.

[5] Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756; Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224.

[6] United States v. Phellis, 257 U.S. 156, 42 S.Ct. 63, 66 L.Ed. 180; Rockefeller v. United States, 257 U.S. 176, 42 S.Ct.

Therefore, we believe the real test to be used in determining whether the stockholder who receives a dividend of stock in the same corporation has received income, is whether the distribution effects a change in the proportionate interests of the stockholders.

In the instant case, when the stock dividend was made there were two classes of stockholders. Both received the stock dividend, but the record does not show whether the proportionate interests changed. When the distribution of $121,680.43 was made in non-voting common stock, there was outstanding $397,471.25 in voting common stock, and $819,333.06 in non-voting common stock, making a total of $1,216,804.31. If the voting common stockholders received the same proportion of the distribution as $397,471.25 bears to $1,216,804.31, then we think petitioner had no "income" but if they received a different proportion than the one specified, petitioner derived "income".

The decision is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

68, 66 L.Ed. 186; Cullinan v. Walker, 262 U.S. 134, 43 S.Ct. 495, 67 L.Ed. 906; Marr v. United States, 268 U.S. 536, 45 S.Ct. 575, 69 L.Ed. 1079.