## STRASSBURGER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 48.

Circuit Court of Appeals, Second Circuit.

Dec. 22, 1941.

Leo Brady, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents a case where the owner of all the common stock of a corporation, which had only common stock outstanding, received a stock dividend of 50 shares (par $100 per share) of nonvoting, cumulative 7% preferred stock declared out of surplus accumulated subsequent to February 28, 1913. Appropriate entries were made in the corporation's books on account of the dividend, the surplus being decreased by $5,000 and the capital stock increased by the same amount. The question is whether such stock dividend was taxable income to the sole stockholder upon receipt thereof in 1936. The preferred stock has not been cancelled or redeemed by the corporation, nor has it been sold by the petitioner. The Board ruled that the stock dividend was taxable income.

In Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, it was held that a dividend payable in common stock to holders of common stock was not constitutionally taxable as income because distribution of the dividend produced no change in the stockholders' proportionate interest in the corporation's net assets. Following this decision, Congress provided in section 201(d) of the Revenue Act of 1921 that a stock dividend was not taxable. 42 Stat. 228. This provision was reenacted in the later revenue acts until the case of Koshland v. Helvering, 298 U. S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756, disclosed that certain stock dividends could be considered taxable income. The Revenue Act of 1936, enacted after the Koshland decision, provided in section 115(f), 49 Stat. 1688, as follows:

"(f)   Stock dividends—

"(1)   General rule. A distribution made by a corporation to its shareholders in its stock or in rights to acquire its stock shall not be treated as a dividend to the extent that it does not constitute income to the shareholder within the meaning of the Sixteenth Amendment to the Constitution." 26 U.S.C.A. Int.Rev.Code, § 115(f) (1). It is implicit in this provision that Congress intended to tax stock dividends to the full extent of its constitutional power; and so the Regulations expressly declared. Art. 115-7, Reg. 94.

The question before us therefore comes down to whether a stock dividend in preferred stock to the sole owner of the common stock, which was the only class of stock outstanding, may be regarded as income within the meaning of the Sixteenth Amendment; in other words, whether the case is governed by Eisner v. Macomber or by Koshland v. Helvering. In the latter case at page 445 of 298 U.S., at page 769 of 56 S.Ct., 80 L.Ed. 1268, 105 A.L.R. 756, the court said: "Under our decisions the payment of a dividend of new common shares, conferring no different rights or interests than did the old, the new certificates, plus the old, representing the same proportionate interest in the net assets of the corporation as did the old, does not constitute the receipt of income by the stockholder. On the other hand, where a stock dividend gives the stockholder an interest different from that which his former stockholdings represented he receives income. The latter type of dividend is taxable as income under the Sixteenth Amendment." The Koshland case involved a dividend of common stock to preferred stockholders. In Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224, the court considered a dividend of preferred stock to common stockholders. Mr. Justice Brandeis, speaking for the court, said, at page 241 of 302 U.S., 58 S.Ct. 154, 82 L.Ed. 224, that under the rule declared in the Koshland case Congress could have taxed this stock dividend. This expression of opinion would dispose of the case at bar were it not for the fact that in the Gowran case, as in Koshland, there were two classes of stock outstanding when the dividend was declared; hence the stock dividend in each of those cases changed the stockholders' proportionate

interests in the net corporate assets. Here, however, there was only one class of stock outstanding and but a single stockholder, who after, as before, the dividend owned the entire beneficial interest in the net assets of the corporation. Nevertheless the rearrangement of corporate capitalization so that the petitioner held preferred as well as common stock did change the character of his corporate ownership. The preferred stock had the prior right to dividends and a preference on liquidation of the corporation; and these rights could be disposed of without affecting the voting control residing in the common stock. The petitioner received property rights of actual and exchangeable value and representing an interest different from that which his common shares represented. As the Circuit Court of Appeals of the Seventh Circuit said in the Gowran case, 87 F.2d 125, 127: "The legal quality of what the taxpayer has after such distribution is different from that which he had before. Therefore the distribution is one of property rights of variant character from those which he previously owned, and as such, therefore, constitutes income which could be taxed." See also Commissioner v. Tillotson Mfg. Co., 6 Cir., 76 F.2d 189; Kelly Trust v. Commissioner, 38 B.T.A. 1014, which was affirmed in an opinion (1939 C.C.H., Vol. 4, Par. 9624) later withdrawn, 8 Cir., 106 F.2d 1002. In our opinion the case at bar is governed by the Koshland principle rather than by that enunciated in Eisner v. Macomber. It must be conceded, however, that the question is not free from doubt. Certain commentators have expressed the opposite view. Mertens, Law of Fed. Income Taxation 1939, Cum. Supp. p. 295 et seq.; C. C. H. Standard Fed. Tax Service 1941, Vol. 2, p. 3096. Compare also Sprouse v. Commissioner, 9 Cir., 122 F.2d 973.

Order affirmed.

CHASE, Circuit Judge (dissenting).

I cannot help but think that my brothers have failed to give recognition and effect to the substance of the difference between Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756, and Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570.

If, after the receipt of a dividend paid in stock, a stockholder has not only additional stock but also stock of a different character his proportionate interest in the net assets of the corporation may have been changed where there are several, or more, stockholders. Whenever it has been and the change is by way of increase in his proportionate interest in the net value of the corporation there is a receipt of income which Congress has taxed. Koshland v. Helvering, supra, 298 U.S. 441, 56 S. Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756. But surely the case just mentioned must rest upon firmer ground than a change in the kind of shares of stock a stockholder has as the result of a dividend of stock on stock. There must also be a change in his proportionate interest in the corporation's net assets in order to have what is known as a "realization" of income. When, as in this instance, there has been no such change for the simple reason that the stock dividend did not bring that about in the holdings of one who, both before and after it, owned exactly the same interest in the net value of the corporation, because he always owned it all, the real basis of decision in the Koshland case is lacking and that of Eisner v. Macomber, supra, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, does, I think, apply. See Sprouse v. Commissioner, 9 Cir., 122 F.2d 973.

I would reverse.