## HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* SPROUSE.*

No. 22. Argued November 10, 12, 1942.—Decided April 5, 1943.

---

*Together with No. 66, *Strassburger* v. *Commissioner of Internal Revenue*, on writ of certiorari, 316 U. S. 656, to the Circuit Court of Appeals for the Second Circuit.

*Mr. Leo Brady* for petitioner in No. 66.

*Mr. Arnold Raum,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr.,* and *Messrs. Sewall Key* and *Bernard Chertcoff* were on the brief, for the Commissioner of Internal Revenue.

*Mr. Charles E. McCulloch* for respondent in No. 22.

*Messrs. Nathan Bilder, Walter J. Bilder,* and *Erwin N. Griswold,* and *Mr. John E. Hughes* filed briefs as *amici curiae* in No. 66, urging reversal.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Certiorari was granted because the decisions below in the two cases conflict. They arise under § 115 (f) (1) of the Revenue Act of 1936:[1]

"A distribution made by a corporation to its shareholders in its stock or in rights to acquire its stock shall not be treated as a dividend to the extent that it does not constitute income to the shareholder within the meaning of the Sixteenth Amendment to the Constitution."

---

[1] c. 690, 49 Stat. 1648, 1688.

## No. 22

The respondent owned voting common stock in an Oregon corporation which paid a ten per cent stock dividend in shares of non-voting common stock. The company had outstanding but two classes of stock: voting common, of a par value of $397,471.25; and non-voting common, of a par value of $819,333.06. The dividend was of non-voting common of a par of $121,680.43 and was distributed to holders of the voting and non-voting common. The fair market value of the stock distributed as a dividend was its par value, and the earnings or profits available for distribution were in excess of its total value. Neither the voting rights of the voting common, nor its right to share in dividends and in liquidation, was altered by the distribution.

The respondent, who owned no non-voting common, received 200 shares of that class of stock. In his return for 1936, he did not report the dividend as income. The Commissioner determined a deficiency by including the value of the dividend as income, and the Board of Tax Appeals sustained him.[2] The Circuit Court of Appeals reversed, holding that the dividend was not constitutionally the subject of income tax if it was distributed to holders of both classes of outstanding stock in proportion to their respective holdings. It accordingly remanded the case to the Board to find the facts and to apply the rule announced.[3]

## No. 66

Petitioner owned 200 shares of common,—the entire stock of a corporation. By charter amendment the creation of an issue of 500 shares of 7% Cumulative Non-

[2] 42 B. T. A. 484.
[3] 122 F. 2d 973.

Voting Preferred Stock, of $100 par value, was authorized. The directors voted a distribution to stockholders of $5,000 par of the preferred stock; and the petitioner, as sole stockholder, received fifty shares as a stock dividend. The earnings available for dividends were in excess of the value of this stock. Petitioner still holds the preferred stock and no dividends have been paid upon it. The petitioner failed to return the stock dividend as income, the respondent determined a deficiency, and the Board of Tax Appeals affirmed his action. The Circuit of Appeals affirmed the Board's decision.[4]

We think the judgment in No. 22 was right and that in No. 66 erroneous. The cases are ruled by *Helvering* v. *Griffiths, ante,* p. 371. While the petitioner in No. 66 received a dividend in preferred stock, the distribution brought about no change whatever in his interest in the corporation. Both before and after the event he owned exactly the same interest in the net value of the corporation as before. At both times he owned it all and retained all the incidents of ownership he had enjoyed before.

In No. 22, the respondent insists that the distribution of the dividend in nowise disturbed the relationship previously existing amongst all the stockholders, or that previously existing between the respondent and the corporation. The court below has held that, if this is true, the dividend did not constitute income.

We think *Koshland* v. *Helvering,* 298 U. S. 441, distinguishable. That was a case where there were both preferred and common stockholders, and where a dividend in common was paid on the preferred. We held, in the circumstances there disclosed, that the dividend was income, but we did not hold that any change whatsoever in the character of the shares issued as dividends resulted in

---

[4] 124 F. 2d 315.

the receipt of income.   On the contrary, the decision was that, to render the dividend taxable as income, there must be a change brought about by the issue of shares as a dividend whereby the proportional interest of the stockholder after the distribution was essentially different from his former interest.

*No. 22 affirmed.*
*No. 66 reversed.*

MR. JUSTICE RUTLEDGE took no part in the consideration or decision of these cases.

MR. JUSTICE REED, MR. JUSTICE FRANKFURTER, and MR. JUSTICE JACKSON dissent from each judgment.   They are of opinion that *Koshland* v. *Helvering*, 298 U. S. 441, requires contrary conclusions.