## BATES VALVE BAG CORPORATION v. HIGGINS, Collector of Internal Revenue.

No. 41.

Circuit Court of Appeals, Second Circuit.

Nov. 8, 1946.

LeBoeuf & Lamb, of New York City (Horace R. Lamb, Leo A. Diamond, and John L. Grose, all of New York City, of counsel), for plaintiff-appellee.

John F. X. McGohey, U. S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellant.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This appeal was consolidated for argument with the appeal in St. Regis Paper Company v. Higgins, 157 F.2d 884, in which the opinion is handed down herewith. Though the issues are different many of the facts pertain to each appeal and the cases were tried together below.

The plaintiff, a New Jersey corporation, brought this suit in the District Court for the Southern District of New York to recover surtaxes it paid on its undistributed net income for the years 1936 and 1937. All the conditions precedent to bringing

the suit had been fulfilled. It recovered a judgment, after trial by court without a jury, for the surtaxes it had paid. The defendant has appealed.

The issue presented is whether the taxpayer in computing its adjusted net income to determine its undistributed profits subject to surtax under § 14(b) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 823, is entitled to take as a credit in each year under § 26 (c) (1)[1] of the above Act the amount of all of its undistributed net income actually reported in its return for each year and on which it paid the surtaxes it is seeking to recover.

The pertinent facts are that the plaintiff is bound by the terms of an indenture dated August 1, 1927, executed by one of its predecessors in accordance with which certain debentures were issued and under which, as is now agreed, it could not have distributed any of its income in either year by way of dividends payable in cash without violating the provisions of the indenture expressly relating to dividends. It could, however, without violating any of the provisions of this contract which expressly dealt with the payment of dividends have declared in each year a stock dividend; and, without violating any such provisions, could, in each year, have declared dividends payable in its debentures or other obligations although had this been done in a manner which created any debts having priority over, or any funded debt ranking equally with, the debentures issued by its predecessor provisions of the indenture not expressly dealing with the payment of dividends would have been violated. All the plaintiff's stock is owned by one stockholder, the St. Regis Paper Company.

The appellant has put forth two grounds for reversal. It argues (1) that no credit was allowable under § 26(c) (1) because the corporation could have declared dividends payable in its obligations which were so restricted that no debts forbidden by the indenture were created; and (2) because it could have declared stock dividends. To (1) the appellee replies (a) that reversal may not be based upon any lack of restraint by contract to declare dividends payable in the corporation's obligations since that point was not raised in the trial court and (b) that it is without merit because it would have been impossible to create obligations which would not violate the above mentioned provisions of the indenture limiting the issuance of debentures and the creation of funded debt. To (2) it says that any stock dividend it could declare would be non-taxable because it had only one stockholder, see Helvering v. Sprouse, 318 U.S. 604, 63 S.Ct. 791, 87 L.Ed. 1029, 144 A.L.R. 1335, and argues that freedom to declare a non-taxable dividend does not affect its right to a credit which, but for that, could have been taken.

The appellee's objection to the argument that the corporation was not bound by any contract provision not to declare dividends payable in its obligations because made here for the first time is unsound. The issue below was, as it is here, whether the taxpayer was by contract disenabled to pay dividends to such an extent and in such a way that it was entitled to the credits now claimed. The argument presents a new thought, but not a new issue and could be used on appeal to give added support to the position taken by the appellant below. Compare, Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; Helvering v. Blair, 2 Cir., 121 F.2d 945; Commissioner v. Hopkinson, 2 Cir., 126 F.2d 406.

[1] 26 U.S.C.A. Int.Rev.Acts, pages 835, 836:
"Sec. 26.  Credits of Corporations
"In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—
*  *  *  *  *
"(c) Contracts Restricting Payment of Dividends.

"(1) Prohibition on payment of dividends.  An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends.  *  *  *"

888

■■ Since § 26(c) (1) is in effect an exemption statute, its advantages accrue only to taxpayers who can show that they come squarely within its provisions when they are strictly construed. Helvering v. Northwest Steel Rolling Mills, Inc., 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29; Helvering v. Ohio Leather Co., 317 U.S. 102, 63 S.Ct. 103, 87 L.Ed. 113. The only thing which possibly stood in the way of the declaration of dividends payable in the corporation's obligations were those parts of the indenture dealing with the creation of debts, but not expressly dealing with the payment of dividends. We need not now decide whether by implication the corporation was thus bound by contract not to declare and pay such dividends for, even if it were, that would not be the sort of prohibition which would bring it within the privilege Congress extended to taxpayers sparingly in § 26(c) (1). See, Helvering v. Northwest Steel Rolling Mills, Inc., supra. The corporation did have what was in fact undistributed net income computed as the statute provided and was taxable upon that, regardless of any reason or reasons why it remained undistributed, save only such as Congress had seen fit to make count as the basis for tax relief under § 26(c) (1).

As Congress made count, not any violation "of a written contract executed by the corporation prior to May 1, 1936" but only "a provision" of such a contract "which provision deals expressly with the payment of dividends" and there is no such provision in the indenture, the taxpayer has been unable to show the kind of contractual prohibition necessary to entitle it to any credit under § 26. For tax purposes the corporation must be treated as though it had been entirely free to declare dividends and pay them in any obligations it saw fit to create whether junior, equal, or senior to its outstanding debentures and that brings it clearly within our decision in Commissioner v. Oswego Falls Corp., 2 Cir., 137 F.2d 173.

As this disposes of the entire appeal, we now express no opinion concerning the additional ground for reversal.

Judgment reversed and complaint dismissed.