Taft, J.,
dissenting. The question involved in the instant cases is whether a dividend of preferred stock, which preferred is admittedly junior to any other interests in the corporation other than the common stock and is issued on a share-for-share basis on common stock, constitutes income yield within the meaning of the Ohio statutes imposing a tax on intangibles.
So far as pertinent, those statutes impose a tax on the common shares involved herein of 5 per cent “of income yield”; and, by Section 5701.10, Revised Code, “income yield” is defined as follows:
“* * * ‘income yield’ means the aggregate amount paid as income * * * and includes the following:
i ¿ * * %
“ (B) In the ease of shares of stock, the dividends so paid or distributed * * * [i. e., as income] whether * * *in cash, notes, debentures, bonds, other property, or shares of stock, except stock of like kind of the corporation declaring the dividend ® (Emphasis added.)
The Ohio intangible tax law was enacted in the early 1930’s at which time the word “income” had acquired a definite meaning in the law by reason of the prior enactment of federal income tax laws pursuant to the Sixteenth Amendment to the Constitution of the United States and decisions of the *12 Supreme Court of the United States construing- the meaning of the word “income.” See Towne v. Eisner, Collector of Internal Revenue (1918), 245 U. S., 418, 62 L. Ed., 372, 38 S. Ct., 158; Eisner, Collector of Internal Revenue, v. Macomber (1920), 252 U. S., 189, 64 L. Ed., 521, 40 S. Ct., 189, 9 A. L. R., 1570.
In determining whether a stock dividend represented “income,” it has always been held, that it did not if such a dividend neither gave the recipient any additional interest in the corporation nor took away from the corporation anything that it had theretofore had. In such an instance, our court has always followed the decisions of the Supreme Court of the United States in holding or recognizing that the recipient has neither realized nor received any income or anything that be did not theretofore have. Millar et al., Admrs., v. Mountcastle (1954), 161 Ohio St., 409, 119 N. E. (2d), 626, 49 A. L. R. (2d), 381; Hopkins, Trustee, v. Cleveland Trust Co., Trustee (1955), 163 Ohio St., 539, 127 N. E. (2d), 385; Marsh v. Peck, Tax Commr. (1954), 162 Ohio St., 11,. 120 N. E. (2d), 428.
In a situation substantially similar to that involved in the instant cases, the Supreme Court of the United States has held that a dividend of preferred shares on common shares does not represent “income.” Helvering, Commr. of Internal Revenue, v. Sprouse (1943), 318 U. S., 604, 87 L. Ed., 1029, 63 S. Ct., 791, 144 A. L. R., 1335.
In Donkel v. Evatt, Tax Commr. (1941), 138 Ohio St., 76, 32 N. E. (2d), 841, this court specifically held that even the amount of cash dividends on shares of common stock could not be recognized as part of the “income yield” of such shares unless such cash dividends were paid, to use the words of the statute, “as income.” In his opinion, Zimmerman, J., emphasized the words “as income” now found in Section 5701.10, Revised Code. He further stated:
“The proposition is well established that taxing statutes are to be strictly construed in favor of the citizen on whose property the burden of taxation is sought to be imposed.”
See also Stewart v. Evatt, Tax Commr. (1944), 143 Ohio St., 547, 56 N. E. (2d), 159, holding that promissory notes given for interest due on a note did not represent “income” and should not therefore be included as “income yield” under the Ohio Intangible Tax Act.
*13 In tlie instant cases, the corporation has, after this preferred dividend, all the property and assets that it had theretofore had. On the other hand, a common-share holder has nothing that he did not have before, except additional certificates of stock as evidence of the same proprietary interest in the corporation that he had before.
O ’Neill, J., concurs in the foregoing dissenting opinion.